UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DR. BOBBIE R. DIXON ) | |
| ) | **JURY TRIAL DEMANDED** |
| Plaintiff, ) | Civil Docket No. |
| ) | |
| BOARD OF EDUCATION OF THE ) | |
| MEMPHIS CITY SCHOOLS and ) | |
| TONYA MILLER, Individually ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Dr. Bobbie R. Dixon, in the above styled and numbered cause of action against the Defendants, the Board of Education of the Memphis City School and Tonya Miller, Individually, by and through his counsel of record. This is an action brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1983, the Constitution of the State of Tennessee, and the Tennessee Human Rights Act, § 4-21-701.

I.
PARTIES

1.    The Plaintiff, Dr. Bobbie R. Dixon, is a resident of Memphis, Shelby County, Tennessee, and has been a resident of Tennessee for all time periods relevant to this Complaint.

2.    Defendant, Board of Education of Memphis City Schools, is an employer operating its public business within Memphis, Shelby County, Tennessee, and can be served with process by serving Dorsey Hopson, General Counsel of the Memphis City Schools, 2597 Avery Avenue, Memphis, Tennessee 38112.  Defendant Memphis City Schools has been established under the

1

statutes of the State of Tennessee, Tenn. Code Ann. § 49-1-101, *et. seq.*, and is the governing body in power to represent local residents and the state in the management of the Memphis City Schools System.

3.       To the best of Plaintiff's information, knowledge and belief, Tonya Miller is a resident of Memphis, Shelby County, Tennessee and is an employee of Memphis City Schools and this lawsuit is also brought against her in her individual capacity.  At all times relevant to this Complainant, Miller served as the principal of Sherwood Elementary School, a Memphis City School located at 1156 Robin Hood Lane, Memphis, Tennessee  38111.

## II.
## JURISDICTION and VENUE

4.       This is an action brought pursuant to the Age Discrimination in Employment Act, as amended,  29 U.S.C. § 621, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1983 for Constitutional violations, the Tennessee State Constitution, and the Tennessee Human Rights Act, T.C.A. §4-21-301 *et. seq.*, for damages resulting from age discrimination, sex discrimination, retaliation and retaliatory discharge, and violations of constitutionally protected rights.

5.       Jurisdiction of this action is invoked pursuant to 28 U.S.C. § 1331 and § 1343. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, to consider the state law claims because those claims arise out of the same facts and circumstances as the federal claims.

6.       The unlawful employment practices and other actionable conduct were, and continue to be, committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

7.       Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission on or about July 12, 2012. See, Charge of Discrimination hereto attached as Exhibit 1 to this Complaint.

8.     Plaintiff received a Right to Sue Notice on or about March 16, 2013, and herein files this timely complaint. See, Right to Sue Notice hereto attached as Exhibit 2 to this Complaint.

## III.
## FACTS

9.     At all times relevant to this Complaint, Dr. Bobbie Dixon, was a male, over the age of 40 years of age.

10.    At all times relevant to this Complainant, Tonya Miller was a female, who to the best of Plaintiff' information, knowledge and belief, was under the age of 40. Miller began her tenure as Principal at Sherwood Elementary School in the fall of the 2008-2009 school year.

11.    Plaintiff obtained a Ph. D. Degree from Indiana University, a Masters of Arts Degree from Boston College, and a B.A. degree from Brandeis University. Plaintiff completed his teacher certification program at the University of Memphis in the summer of 1996.

12.    Plaintiff was hired as a substitute teacher with Defendant Memphis City Schools in 1994, and worked for Memphis City Schools as a teacher at Sherwood Elementary School for approximately 16 years.

13.    Plaintiff was properly licensed as a teacher and, prior to working under Defendant Miller's supervision, was listed as a highly qualified teacher by Defendant Memphis City Schools.

14.    Shortly after Miller arrived at Sherwood Elementary School, Miller made unprofessional comments on several occasions about Plaintiff's salary, stating that Plaintiff made a lot of money and that Plaintiff made more than any other teacher at Sherwood Elementary School. Plaintiff contends that Miller's knew that teacher salaries were then based on the number of years of

3

service and, therefore, that she knew, or should have known, Plaintiff was in a protected class based on his salary.

15. On or about August 31, 2010, Plaintiff wrote letters to the then Regional Superintendent for Memphis City Schools and the Human Resources Division for Memphis City Schools, expressing his disappointment and disagreement with Miller's evaluation of him during the 2009-2010 school year. Plaintiff considered himself as instituting a complaint against Defendant Miller that he thought would be investigated by Defendant Memphis City Schools.

16. When Miller found out about the August 31, 2010 letter, she stated words to the effect, "I dare you to contact Human Resources about me." Thereafter, for 2 years immediately after Miller learned of the Plaintiff's letter, Miller recommended Plaintiff be non-reelected as a teacher with Memphis City Schools. Plaintiff contends this was in retaliation for his engaging in protected activity and exercising free speech under the First Amendment of the United States Constitution.

17. During the 2009-2010 school year, up to and including the 2011-2012 school year, Plaintiff's TCAP reading and math scores were comparable to, and in some cases higher than, other teachers in the traditional classroom who were outside of Plaintiff's protected age group and sex, and those who had not engaged in protected activity. However, the teachers outside of Plaintiff's protected age group and sex and those who had not engaged in protected activity with comparable TCAP scores were not non-reelected at the end of the school year as was the Plaintiff.

18. During the 2011-2012 school year, Defendant Miller intentionally and repeatedly violated the TEM (Teacher's Effectiveness Measure) model by having Dr. Dixon's required classroom observations too closely in order to discredit Dr. Dixon's teaching methods. Similarly

4

situated persons outside of Plaintiff's protected age group and sex, and who had not engage in protected activity, where not subjected to having Miller conduct teacher observations in violation of the TEM model.

19. During the 2011-2012 school year, Plaintiff timely completed all required training and professional development. However, Defendants Memphis City School and Miller charged Plaintiff with insubordination for failing to attend a non-mandatory, late-noticed, Saturday training session, held in the Spring of 2012. Similarly situated persons outside of Plaintiff's protected age group and sex, and who had not engage in protected activity, where not treated in this manner.

20. During the 2011-2012 school year, Defendants falsely accused the Plaintiff of failing to enter Aimsweb scores in the computer. This was not true. Plaintiff had not only entered his Aimsweb benchmark scores in the computer, his scores for Fall, Winter, and Spring, of school year 2011-2012, showed significant growth for many of Plaintiff's students.

21. During the 2011-2012 school year, Defendants Memphis City School and Miller falsely stated Plaintiff room was cluttered, messy, junky, disorganized and untidy in an effort to justify a lowered classroom observation score on this end of the year evaluation and to non-reelect him.

22. During the 2011-2012 school year, Defendants Memphis City School and Miller did not take progressive steps of discipline with regards Plaintiff and instead reported Plaintiff to Labor Relations for first time offenses instead of handling the matter at the school level. Similarly situated persons outside of Plaintiff's protected age group and sex, and who had not engage in protected activity, where not treated in this manner.

23. Plaintiff's 2011-2012, performance evaluation contained categories entitled: Student Growth, Student Achievement, Teacher Knowledge, Stakeholder Perceptions (Students) and

Observation of Practice. Plaintiff scored the highest level, a 5, in every category, except the Observation of Practice, where he scored a 1.9.  The Observation of Practice is the only part where the principal evaluates a teacher and is a subjective portion of the evaluation. Defendants scored Plaintiff low in this area to justify his non-reelection so that they could hire younger, less qualified teachers to replace him.

24. On or about June 20, 2012, Plaintiff was told to resign by June 29, 2012, or be placed on immediate suspension without pay until he received statutory notice and a reason for his termination.

25. On or about July 23, 2012, Plaintiff informed Defendant Memphis City School he would not resign and requested a due process hearing within 30 days.  Although he was placed on unpaid leave, Plaintiff was not provided official notification of the written charges against him as required by Tennessee Law and he was not given a due process hearing within 30 days.  This was a violation of Plaintiff's Constitutional Due Process Rights.

26. On or about July 26, 2012, Defendant Memphis City Schools sent Plaintiff a letter notifying him that a recommendation would be made to dismiss him as a tenured teacher and advising him that he was placed on suspension without pay.  This letter was sent to Plaintiff as a result of information that Defendant Miller reported or caused to be reported regarding the Plaintiff.  The letter did not contain official written notification of the charges against the Plaintiff as required by Tennessee law and was a violation of Plaintiff's Constitutional Due Process Rights.

27. On or about August 15, 2012, Plaintiff went to Sherwood Elementary School to pick up some of his personal belongings and to deliver promised ice cream to two of his former classrooms.  Plaintiff checked in as a visitor, was issued a visitor's pass, and was allowed to go

upstairs. While there, Plaintiff assisted another teacher move a desk. During his visit, Miller and a security guard approached him, ordered him to leave the building, and escorted him downstairs. This was done to embarrass, degrade, and humiliate Plaintiff in the presence of his colleagues, students and other persons, and caused Plaintiff, emotional distress, physical pain and mental anguish, as well as injury to his professional standing and injury to his character and reputation. Similarly situated persons outside of Plaintiff's protected age group and sex, and who had not engage in protected activity, where not treated in this manner.

28. On or about November 5, 2013, Plaintiff requested written notice of the charges against him and an immediate full and complete hearing on the unspecified charges against him. On or about November 13, 2012, Defendant Memphis City School responded to the Plaintiff's request, stating that he would receive tenure charges at an unspecified date in the future.

29. At some time unknown to the Plaintiff, but believed to be between 2007 and up to and including the present, Defendant Memphis City Schools began the pattern and practice of displacing and replacing senior teachers in Plaintiff's age group with younger Teach for America teachers.

30. On or about May 7, 2013, Defendant Miller uttered that Plaintiff "lacked energy" in the performance of his duties. Plaintiff contents this comment was an improper reference to his age.

31. Plaintiff has not been permitted to return to work. As a result of the Plaintiff's unlawful termination, Plaintiff has lost of his salary and benefits that his job afforded.

## IV.
## CAUSES OF ACTION

### COUNT ONE:
### Age Discrimination

32.     Plaintiff hereby realleges and incorporates by reference paragraphs 1-31, of this Complaint as if set forth herein verbatim.

33.     Since approximately August of 2011, and continuing to the present the Defendants have engaged in unlawful employment practices in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, and the Tennessee Human Rights Act. The unlawful practices include, but are not limited to, discrimination against the Plaintiff on the basis of age in the form of disparate treatment in failing to properly evaluate Plaintiff's job performance, subjecting Plaintiff to improper comments, subjecting Plaintiff to unfair scrutiny, making false allegations against the Plaintiff, attempting to suppress Plaintiff's right to free speech, placing Plaintiff in false light by letting stand the implication that his is classroom was disorganized and cluttered, by escorting Plaintiff from the inside of Sherwood Elementary School in August of 2012, unfairly suspending Plaintiff in violation of the Due Process Clause of the United States Constitution, terminating the Plaintiff's employment, and by letting stand the implication that that Plaintiff was suspended and fired for one or more of the reasons set out in TCA 49-2-301; that is inefficiency, neglect of duty, and insubordination.

34.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, irreparable injuries relating to embarrassment, degradation, humiliation, emotional distress, physical pain and mental anguish, injury to professional standing, injury to character and reputation, loss of income, and has sustained and continues to sustain other damages due to his termination.

## COUNT TWO:
### Sex Discrimination

36.     Plaintiff hereby realleges and incorporates by reference paragraphs 1-31 of this Complaint, as if set forth herein verbatim.

8

37.     Since August of 2011 and continuing to the present the Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.,* and the Tennessee Human Rights Act. The unlawful practices include, but are not limited to, discrimination against the Plaintiff on the basis of sex in the form of disparate treatment in failing to properly evaluate Plaintiff's job performance, subjecting Plaintiff to improper comments, subjecting Plaintiff to unfair scrutiny, making false allegations against the Plaintiff, attempting to suppress Plaintiff's right to free speech, placing Plaintiff in false light by letting stand the implication that his is classroom was disorganized and cluttered, by escorting Plaintiff from the inside of Sherwood Elementary School in August of 2012, unfairly suspending Plaintiff in violation of the Due Process Clause of the United States Constitution, terminating the Plaintiff's employment, and by letting stand the implication that that Plaintiff was suspended and fired for one or more of the reasons set out in TCA 49-2-301; that is inefficiency, neglect of duty, and insubordination.

38.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, irreparable injuries relating to embarrassment, degradation, humiliation, emotional distress, physical pain and mental anguish, injury to professional standing, injury to character and reputation, loss of income, and has sustained and continues to sustain damages due to his termination.

## COUNT THREE:

### Violation of Civil Rights under 42 U.S.C. 1983

(Defendant Memphis City Schools and Miller)

39.     Plaintiff hereby realleges and incorporates by reference paragraphs 1-31 and 37 above, as if set forth herein verbatim.

40.     Plaintiff is a citizen of the United States and is entitled exercise to all the rights protected by the United States constitution.

41.     From on or about August 2011 and continuing to the present date, Defendant Memphis City School and Defendant, acting in their individual capacity and under the color of law, retaliated against Dr. Dixon as a result of him engaging in protected conduct ; that is, for exercising in his right to free speech; through their decision to unfairly place him on unpaid suspension without due process of law; by terminating his employment in deprivation of Equal Protection of Law through discriminating against him on the basis of his sex; and by denying him Due Process of Law in violation of the First, Fifth, and Fourteenth Amendment rights as secured by the United States Constitution and the Constitution of the State of Tennessee.

42.     As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer irreparable injuries relating to embarrassment, degradation, humiliation, emotional distresses, physical pain and mental anguish, injury to professional standing, injury to character reputation, loss of income, and has sustained and continues to sustain other damages due to his termination.

43.     Defendant engages in a pattern and practice of retaliation when teachers exercise their First Amendment Right of speaking out against the manner in which the Memphis City School System allows its administrators to engage in discriminatory practices through evaluations, including but not limited to exercising speech connected to the displacement and replacement of senior and tenured school teachers.

44.     Defendant Miller's engaged in a course of making false statements or causing false statements to be made about Plaintiff and these statements were designed to place the Plaintiff in a false light before his colleagues, workers, parents and students and specifically to place

Plaintiff in a negative light so he could be wrongfully removed from his position as a teacher due his exercise of a constitutionally protected right under the First and Fourteenth Amendments to the United States Constitution and the Tennessee State Constitution. Defendant Memphis City Schools knew about this conduct and did nothing to prevent it.

45. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer irreparable injuries relating to embarrassment, degradation, humiliation, emotional distresses, physical pain and mental anguish, injury to professional standing, injury to character reputation and loss of income, and has sustained and continues to sustain damages due to his termination.

46. Defendants are liable to Plaintiff for any and all compensatory, consequential, punitive and other damages incurred by Plaintiff as a result of Defendant's discriminatory acts in an amount proven at trial.

47. Defendant's conduct constitutes were intentional, malicious, outrageous and taken in reckless disregard to the rights of Plaintiff, and were willful and wanton actions designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

## COUNT FOUR:

### Tennessee Human Rights Act- Tenn. Code Ann § 4-21-101(a)(1)

48. Plaintiff hereby alleges and incorporates by reference paragraphs 1-31, 33, 37-45 of this Complaint, as though fully set forth herein.

49. T.C.A. §4-21-101 *et seq*. provides for the execution of the policies in the Federal Civil Rights Act of 1964, as amended 1991. Its purpose is to safeguard "all individuals" from employment discrimination. It protects Plaintiff's personal dignity and affords him freedom from humiliation and protests his health and general welfare, his interests, opportunities

and privileges in the State of Tennessee.

50. Defendant Miller aided, abetted, incited compelled, or commanded and allowed discriminatory acts to occur on a regular basis, all based on Plaintiff's age, sex and in retaliation for engagement in protected activity, including but not limited to the right to free speech.

51. These actions of the Defendant subjected the Plaintiff to unequal working conditions.

52. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer irreparable injuries relating to embarrassment, degradation, humiliation, emotional distresses, physical pain and mental anguish, injury to professional standing, injury to character reputation and loss of income, and has sustained and continues to sustain damages due to his termination.

53. As a result of the Plaintiff's unlawful firing, Plaintiff has lost of his pay and benefits that his job afforded.

54. Defendant's conduct constitutes willful and wanton actions designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

## COUNT FIVE:
### Retaliation and Retaliatory Discharge

55. Plaintiff incorporates by reference all allegations contained in the paragraphs 1-54 of this Complaint as though fully set forth here.

56. The Plaintiff engaged in protected activity by lodging verbal complaints against the Defendant Miller.

57. The Defendant Memphis City Schools was aware of the complaints but to date the Plaintiff has not been interviewed or questioned about his complaint and subsequently terminated for engaging in protected activity.

58. Defendant's actions are prohibited by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621; Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.,* and the Tennessee Human Rights Act- Tenn. Code Ann § 4-21-101(a)(1).

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having suffered damages of loss of back pay and front pay, having suffered severe emotional distress and incurred medical expenses, Plaintiff demands the following relief against Defendants:

A. That Plaintiff and all other similarly situated male employees and employees in his age group be provided a work environment free from age and sex discrimination and retaliatory discharge;

B. That Plaintiff be awarded equitable relief and injunctive relief as may be appropriate, including, but not limited to back pay and front pay with accrued interest;

C. Order Defendants to remove all negative information placed in Plaintiff's personnel, disciplinary and/or employment record a result of the unlawful discrimination of Defendants;

D. Order Defendants to refrain from disseminating negative information about Plaintiff's employment at Defendant Memphis City Schools;

E. Reinstate Plaintiff's employment as a teacher with Memphis City Schools;

F. That judgment be entered in favor of each Plaintiff against the Defendants for compensatory damages pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621; Title VII of the Civil Rights Act of 1964, as amended , 42 U.S.C. § 2000e *et seq.*; Civil Rights Violations pursuant to 42 U.S.C. § 1983; The Constitution of the State of Tennessee, and damages under the Tennessee Human Rights Act, Tenn. Code Ann § 4-21-101(a)(1),in an amount to be determined by a jury;

G. That judgment be entered in favor of the Plaintiff against the Defendants for punitive Damages, to the extent permitted by law, in the amount of $1,000,000.00;

H. That judgment be entered in favor of the Plaintiff for retaliatory discharge in an amount to be determined by a jury;

I. That Plaintiff be awarded reasonable attorney's fees together with cost and Disbursements;

J. Award the Plaintiff prejudgment and post judgment interest on all awards herein; and,

K. That Plaintiff be awarded any such further relief to which he may be entitled.

        Respectfully Submitted,

        NETTLES HARRIS LAW FIRM PLLC

        s/Linda Nettles Harris (B.P.R. 012981)
        22 North Front Street Suite 165
        Memphis, TN 38103
        Ph. (901) 522-2747
        Fax (901) 522-2749
        nettlesharrislawfirm@gmail.com